UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.M.R.D. (A-245-530-573), | No. 1:26-cv-0081 WBS-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TONYA ANDREWS, Facility Administrator of the Golden State Annex, et al., | |
| Respondents. | |

Petitioner D.M.R.D. (A-245-530-573), a national and citizen of Venezuela, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on November 30, 2023, was initially detained by the U.S. Department of Homeland Security ("DHS") Border Patrol inside the United States and released on December 1, 2023 on his own recognizance pursuant to 8 U.S.C. § 1226.  On October 23, 2025, petitioner was re-detained when he reported for a regular check-in appointment at U.S. Immigration and Customs Enforcement ("ICE"), and has been in continuous detention since this date.  This habeas action concerns petitioner's re-detention.  For the reasons that follow, the Court recommends granting

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).  Petitioner's motion to proceed under pseudonym was previously granted.  (ECF Nos. 4, 17.)

1

the petition for a writ of habeas corpus and ordering petitioner's immediate release.

**I.      FACTUAL BACKGROUND[2]**

Petitioner is a national and citizen of Venezuela.  (ECF No. 1 at 9.)  On November 30, 2023, petitioner entered the United States and was detained by DHS.   (ECF No. 1 at 9.)  On December 1, 2023, petitioner was released on his own recognizance under 8 U.S.C. § 1226 (Section 236 of the Immigration and Nationality Act ("INA")).  (Id. at 7, 9-10; ECF No. 1-7 at 2-5.)  Petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3]  (ECF No. 1 at 7, 13; ECF No. 1-5 at 2.) In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (ECF No. 1-5 at 2.)  Thereafter, petitioner filed an application for asylum with the immigration court in July 2024.  (ECF No. 1 at 7, 13; ECF No. 1-9.)  Petitioner applied for temporary work authorization and his application was approved.  (ECF No. 1-4 at 2.)  Petitioner has appeared for all ICE appointments and immigration hearings.  (ECF No. 1 at 13.)  The parties dispute whether petitioner violated any conditions of his release.  (See ECF No. 1 at 7; ECF No. 14 at 2.)

On October 23, 2025, petitioner reported for a check-in appointment at ICE where he was re-detained by ICE for allegedly violating a term of his release where he received a citation for misdemeanor battery on June 30, 2025. (ECF No. 1 at 7, 13; ECF No. 3 at 11.)  Petitioner was not provided a pre-deprivation hearing.  (See ECF No. 1 at 13.)

**II.     PROCEDURAL BACKGROUND**

On January 6, 2026, petitioner filed his petition for writ of habeas corpus and motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 8, 2026, the district judge denied the motion for a temporary restraining order, and scheduled a status conference.  (ECF No. 7.)

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 27.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

On January 20, 2026, petitioner filed a motion for preliminary injunction.  (ECF Nos. 8-10.)  On February 2, 2026, a status conference was held and the briefing schedule for the preliminary injunction was addressed.  (ECF No. 13.)  Respondents timely filed their opposition, and petitioner filed his reply.  (ECF Nos. 14, 15.)  On February 9, 2026, the district judge denied the motion for preliminary injunction and referred the matter to the assigned magistrate judge.  (ECF No. 16.)  This Court set a schedule for merits briefing.  (ECF No. 17.)  On February 13, 2026, respondents timely filed an answer to the petition, and on February 18, 2026, petitioner timely filed a reply.  (ECF Nos. 18, 19.)  Petitioner subsequently filed a Notice of Supplemental Developments and a status request.  (ECF Nos. 20, 21.)  Briefing is complete.

**III.    LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.    DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his re-detention based on the following claims:  (1) the Fifth Amendment procedural due process clause;

/ / /

/ / /

and (2) the Fifth Amendment substantive due process clause.[4] (ECF No. 1 at 25-26.) Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing. (ECF No. 14 at 2-3.)  As to substantive due process, respondents contend petitioner's detention is reasonable because he violated a release term when he was arrested for battery on June 30, 2025 and because his detention "is in line with" the government's current interpretation of 8 U.S.C. § 1225 as set for in the DHS July 2025 policy memorandum. (ECF No. 14 at 2-3.)

Generally, "decisions at the preliminary injunction phase do not constitute law of the case" because "a preliminary injunction decision is just that: preliminary." Ctr. for Biological Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) (quoting Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007)).  "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).  "Law of the case directs a court's discretion, it does not limit the tribunal's power." Id.

Here, in denying petitioner's motion for a temporary restraining order, the district court concluded that "noncitizens present in the United States who were never legally admitted were 'applicants for admission' under 8 U.S.C. § 1225(b) and thus subject to mandatory detention." 1/8/2026 Order at 6 (citing Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025); Mo v. Chestnut, No. 1:25-cv-01789 WBS CSK, 2025 WL 3539063, at *2 (E.D. Cal. Dec. 10, 2025); Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *3 (E.D. Cal. Nov. 17, 2025); Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025) (internal parentheticals

---

[4] If petitioner remains detained, petitioner is not barred from filing a separate habeas petition challenging his re-detention as indefinite where the instant petition was filed approximately two months after petitioner was re-detained, an indefinite detention claim was not raised, and where petitioner's immigration status has changed with a pending appeal to the Board of Immigration Appeals.

4

omitted)).  The district court further concluded that "the procedure authorized by Congress in 8 U.S.C. § 1225(b) constitutes procedural due process as far as petitioner is concerned."  1/8/2026 Order at 7 (internal quotation marks omitted).  As to petitioner's substantive due process claim, the district court found that because the government provided a reasonable justification for re-detaining petitioner (i.e., for violating a term of his release from his June 30, 2025 citation), "petitioner's detention was not so arbitrary as to violate due process."  Id. at 8-9 (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)).  The district court denied petitioner's motion for a temporary restraining order, holding that petitioner "failed to demonstrate a likelihood of success on his procedural and substantive due process claims."  Id. at 9.

In denying petitioner's motion for preliminary injunction, the district court expanded upon its analysis of Sections 1225(b)(2)(A) and 1226(a), "again conclud[ing] that 8 U.S.C. § 1225 applies to petitioner."  2/9/2026 Order at 8-13 (ECF No. 16) (analyzing recent Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) decision).  The district court further concluded that "the procedure authorized by Congress in 8 U.S.C. § 1225(b)(1)(B)(ii) constitutes procedural due process as far as petitioner is concerned."  2/9/2026 Order at 13 (internal quotation marks omitted).  The district court denied petitioner's motion for a temporary restraining order, holding that petitioner "failed to demonstrate a likelihood of success on his procedural and substantive due process claims."  Id. at 15.  Other district courts and circuit courts agree with the district court as to the applicability of § 1225, though this is the minority approach.  See, e.g., Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026); Buenrostro-Mendez, 166 F.4th 494.

In contrast, in other similar cases, this Court has previously and consistently found that re-detention of a noncitizen previously released by immigration authorities and present in the United States without a pre-deprivation hearing violates the noncitizen's due process rights and violates the INA.  See, e.g., Mansare v. Wofford, 1:26-cv-0433 DJC CSK, 2026 WL 764765 (E.D. Cal. Mar. 18, 2026), findings and recommendations adopted, 2026 WL 828502 (E.D. Cal. Mar. 25, 2026); Tang v. Noem, 1:26-cv-01333 TLN CSK, 2026 WL 670353 (E.D. Cal. Mar. 10, 2026), findings and recommendations adopted, 2026 WL 766499 (E.D. Cal. Mar. 18, 2026).  This Court follows the majority of federal courts.  See, e.g., Barbosa da Cunha v. Freden, No. 25-3141, 2026

WL 1146044 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025). This Court recognizes that the issues presented in this habeas petition and thousands of other similar petitions in this district and across the country are complex, and have resulted in a circuit split. At this time, there is no binding authority on district courts in the Ninth Circuit where neither the Ninth Circuit nor the Supreme Court have decided the issues.

It is unclear to this Court whether law of the case applies here. To the extent law of the case does apply, the district court's prior conclusions would result in denial of the habeas petition. Assuming law of the case does not apply, for the reasons stated in Mansare v. Wofford, Tang v. Noem, and other similar cases, this Court respectfully disagrees. This Court recommends granting the habeas petition on the procedural due process claim and ordering petitioner's immediate release where he was previously released by immigration authorities into the United States in December 2023 and has been permitted to live in the United States for over 2 years.

**V.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be ordered to IMMEDIATELY release petitioner D.M.R.D. (A-245-530-573) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral

decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  **This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case** (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/dmrd.0081.26.frs-merits