UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

D.M.R.D. (A-245-630-573),

Petitioner,

v.

TONY ANDREWS, Facility Administrator of the Golden State Annex, et al.,

Respondents.

No.  1:26-cv-0081 WBS CSK

ORDER

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner also filed a motion for temporary restraining order the same day he filed his petition for habeas corpus.  (Docket No. 3.), which the court denied on January 8, 2026.  (See Docket No. 7.)   On January 20, 2026, petitioner filed a motion for preliminary injunction.  (Docket No. 8.)  The court denied that motion on February 9, 2026, for the same reasons it denied petitioner's motion for temporary restraining order.  (See Docket No. 16.)

The matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On May 19, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all

1

parties that any objections to the findings and recommendations were to be filed within seven days.  Respondents filed objections to the findings and recommendations.  Petitioner did not file a reply.

The procedural landscape has now changed in the five months since the court ruled in its orders denying a temporary restraining order and preliminary injunction that petitioner was unlikely to prevail on his due process claim.  During those five months, it appears that nothing has been done to change petitioner's custodial status.  While this court has repeatedly explained that a noncitizen who unlawfully enters the United States can expect to be lawfully detained upon doing so, it has consistently held that such detention cannot be indefinite, so as to avoid running afoul of the Due Process Clause.  See Uulu v. Warden, 820 F. Supp. 3d 1113, 1122 (E.D. Cal. 2026) (Shubb, J.) (collecting cases); see also, e.g., Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.").

Determining whether prolonged immigration detention violates due process requires consideration of whether the petitioner's immigration proceedings have been infected by undue delay on the part of the agency.  Uulu, 820 F. Supp. 3d at 1122.  Because the record does not demonstrate that petitioner's immigration proceedings have advanced whatsoever during the ten months he has been detained, the court finds that such unexplained delay is constitutionally unacceptable.  See id.; see also Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (actions that "offend traditional notions of fair play and substantial justice" violate the Due Process Clause (quotations omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations (ECF No. 22) are adopted insofar as consistent with this Order.

2.  The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3.  Respondents are ordered to release petitioner D.M.R.D. (A-245-530-573) from

2

custody forthwith.[1]

4. The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

5. The Clerk is directed to serve Golden State Annex with a copy of this order. [2]

Dated:  July 14, 2026

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/dmrd0081.805.hc.2241.imm.RELEASE

---

[1]  Because this is a habeas corpus proceeding, the court is not empowered to grant relief aside from petitioner's release.  See Nguyen v. Warden, No. 1:25-cv-01872 WBS EFB, 2026 WL 1027892, at *2 (E.D. Cal. Apr. 16, 2026) (collecting cases).

[2]  A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).

3